IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

STORMONT-VAIL HEALTHCARE,
INC.,

           Plaintiff,

Vs.                                      No.  11-4093-SAC

BIOMEDIX VASCULAR
SOLUTIONS, INC.,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the sealed Motion for Leave to File Motion to Seal Court Record under Seal pursuant to Local Rule 5.4.6 (a) (Dk. 28) filed by the defendant BioMedix Vascular Solutions, Inc. ("BioMedix"). The motion for leave is not accompanied by a memorandum, but presumably this motion is unopposed since the motion to seal the court record is said to be unopposed. *See* D. Kan. Rule 7.1(a). Even so, BioMedix still must meet its burden for filing its motion to seal under seal. The court realizes that BioMedix's motion to seal summarizes the relevant pleadings that it now seeks to seal and that BioMedix's arguments for sealing the record apply with equal force for sealing the motion to seal. Thus, the court will address in this order the merits of BioMedix's arguments for sealing.

BioMedix frames the issue as "[w]hether good cause exists to seal the entire record in this matter pursuant to Kan. Stat. Ann. § 60-267."

This action was filed on the basis of diversity jurisdiction. "Absent any conflicting constitutional requirements, federal statutes or Federal Rules of Civil Procedure, a federal district court sitting in diversity applies federal procedural law and state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 428 n.7 (1996)." *Jones v. United Parcel Service, Inc.*, ---F.3d---, 2012 WL 689269 at *12 (10th Cir. Mar. 5, 2012). BioMedix offers no argument or citation for applying K.S.A. § 60-267 in this federal court proceeding. While the state standards may resemble the federal procedural law on sealing,[1] the court is compelled to decide the issue as

---

[1]The only federal authority cited by BioMedix is a Federal Judicial Center publication entitled, *Sealed Cases in Federal Courts* (Oct. 23, 2009). This publication reports the results of studying all 2006 federal cases to determine what kinds of cases are sealed and the procedural mechanics involved in sealing. Rather than setting out and discussing the applicable legal standards used by courts in deciding to seal or not, the publication simply summarizes the cases in which sealing occurred. Moreover, BioMedix quotes an excerpt from that publication summarizing a case that bears little procedural likeness to the case here:
> The case was sealed at the parties' request pending discovery to protect the defendants' reputations; according to the judge, the defendants are doctors, and doctors are particularly concerned about their reputations. The lawyers asked the court to keep the case sealed. <u>Because the case had not yet proceeded to discovery</u>, the judge agreed to keep it sealed. Although the judge is generally opposed to sealing cases, <u>he saw no reason for these mere allegations to be public</u>.

*Sealed Cases in Federal Courts*, p. 9 (underlining indicates portions quoted by BioMedix in its memorandum). BioMedix did not request sealing this case when filed pending discovery but waited until the case was settled. BioMedix's request to seal does not involve protecting an individual physician's reputation.


framed by the following.

> Courts have long recognized a common-law right of access to judicial records. *Nixon* [*v. Warner Communications, Inc.*], 435 U.S. [589] at 597, 98 S.Ct. 1306 [(1978)]; *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994). This right, however, is not absolute. The "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id*.

The sealing of judicial records is committed to the district court's sound discretion exercised in consideration of the following:

*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007), *cert. denied*, 552 U.S. 1098 (2008). This common-law right "derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest." *Carefusion 213, LLC, v. Professional Disposables, Inc.*, 2010 WL 2653643 (D. Kan. June 29, 2010) (citations and internal quotation marks deleted). The court looks to the relevant circumstances in deciding whether the parties' asserted interests are significant and outweigh the public's presumed right of access. That a party's request to seal "is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal." *Carefusion 213, LLC, v. Professional Disposables, Inc.*, 2010 WL 2653643 at *1 (D. Kan. June 29, 2010); *see Helm v. Kansas*, 656 F.3d 1277, 1292-93 (10th Cir. 2011). The

3

moving party still "must establish a harm sufficient to overcome the public's right of access to judicial records." *Garcia v. Tyson Foods, Inc.*, 2010 WL 3584462, at *1 (D. Kan. Sept. 13, 2010). "Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Id.* (citation and internal quotation marks omitted). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D. Kan. 2007). "[A] moving party must submit particular and specific facts, and not merely 'stereotyped and conclusory statements.' *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)." *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008).

BioMedix couches its unopposed request to seal on that confidential patient information may already be a part of the court record and that BioMedix would suffer harm that outweighs the public interest in access to the court record. BioMedix believes confidential patient information may have been submitted in the plaintiff's settlement statement to court in December of 2011. The record does not show that Stormont-Vail Healthcare, Inc. ("Stormont-Vail") filed any confidential patient information with the court in December of 2011. But in January of 2012, Stormont-Vail filed its memorandum opposing defendant's motion to disqualify the

4

plaintiff's counsel and attached several exhibits including two patient records from which the patient's names were redacted. (Dk. 23-10, pp. 3-4). Stormont-Vail filed the same without seeking to leave to seal these redacted records. The court is not persuaded by BioMedix's conclusory argument for sealing the court record to protect the privacy interests of Stormont-Vail's patients implicated by two medical records from which the patient's names have been redacted.[2]

BioMedix bases its request on principally the parties' agreement to seal and on the contention that this judicial record with Stormont-Vail's unsubstantiated allegations harms BioMedix's reputation and the PADnet System. While pointing out that Stormont-Vail's allegations address only the particular device and software sold to it, BioMedix counters that industry awards and recognition for its system show it be trusted. BioMedix contends that if the public is allowed ongoing access to the unproven allegations in the judicial records there is the "potential harm" that trust in the PADnet System would decline and that consumers "may" be deterred from purchasing it. (Dk. 28-2, p. 8).

Even though Stormont-Vail does not oppose this motion to seal, BioMedix still must establish a harm sufficient to overcome the public's right of access to judicial records. It has not carried this burden. If there is harm

---

[2]Even assuming a significant patient privacy interest in these records, this argument would support sealing only those two pages of records.

to BioMedix's reputation from this lawsuit, it occurred principally with the filing of the action. BioMedix did not settle the case before it was filed and did not seek to have it sealed upon filing. Judge Van Bebber shined some common sense on the argument for sealing only after the case has settled. He noted that "[l]awsuits are public events" in which the parties chose not to settle before filing, and now that the case has been settled, the parties want the court to keep it from the public. *Stapp v. Overnite Transportation Co.*, 1998 WL 229538 at *1 (D. Kan. Apr. 10, 1998). "If the parties wanted to resolve this case in private, they should not have embarked on a federal court excursion." *Id.*

BioMedix's argument for "potential harm" is not based on articulable facts and evidence as to make it more than an unsupported hypothesis or conjecture. In these times, the court finds it difficult to assume that a single lawsuit would result in a serious erosion of consumer trust and confidence in the defendant's product. Other than the conclusory allegation of harm, BioMedix offers no particular and specific facts establishing the likelihood of significant harm from the mere filing of the complaint in this case. BioMedix has failed to show that disclosure of this judicial record "will work a clearly defined and serious injury" to it. *In re Cendant Corp.*, 260 F.3d 183, 194 (3rd Cir. 2001) (citations and internal quotation marks omitted).

Stormont-Vail's complaint fairly alleges the facts essential to its claims. There is nothing in the record to suggest that this action was brought for any spiteful purpose of harming BioMedix's reputation with libelous or scandalous allegations or harming BioMedix's competitive standing with the release of business information. *See Nixon v. Warner Communications, Inc.*, 435 U.S. at 598. Moreover, the general rule is that "[a] concern for a business' 'public image' is not enough 'to rebut the presumption of access.' *Republic of Philippines* [*v. Westinghouse Elec. Corp.*], 949 F.2d [653] at 663 [(3rd Cir. 1991)]; *see Wilson* [*v. American Motors Corp.*], 759 F.2d [1568] at 1570-71 ('harm to company's reputation' not enough to warrant sealing record); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984) ('[s]imply showing that the [sealed] information would harm [a] company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records.')." *United States v. Approximately up to $15,253,826 in Funds*,---F. Supp. 2d---, 2012 WL 556224 (Feb. 17, 2012).

With the above authorities as its lens, the court sees nothing in BioMedix's motion to seal to support the sealing of that motion or the record in this case. The agreement of the parties here does not relieve BioMedix of its heavy burden of showing a harm sufficient to overcome the presumed

7

paramount right of public access to judicial records.  For the reasons stated and explained above, the court finds that BioMedix has not carried its burden.

IT IS THEREFORE ORDERED that the BioMedix's sealed Motion for Leave to File Motion to Seal Court Record under Seal pursuant to Local Rule 5.4.6 (a) (Dk. 28) is denied.

Dated this 14th day of March of 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge